JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TIMOTHY GARLAND et al,

**DEFENDANTS**

Kathryn "Katie" Goins et al.

**(b)** County of Residence of First Listed Plaintiff **Blount**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Blount**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marcos M. Garza, Brent A. Morris, & Thomas J. Smith
Garza Law Firm, 550 W Main St, Ste 340 Knoxville, TN
37920. 865-540-8300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Civil rights - conspiracy to deprive

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
04/21/2026

SIGNATURE OF ATTORNEY OF RECORD
/S/ Brent A. Morris

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| TIMOTHY GARLAND and BRANDY JONES, individually and as parents and next friends of JG, a mentally disabled person; MARK BEAULIEU and CHRISTIE BEAULIEU, individually and as parents and next friends of RB, a mentally disabled person, and; HEATHER HARBISON, individually and as parent and next friend of TW, a mentally disabled person; | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | Case No. 3:26-cv-00182 |
| Plaintiffs, | ) | |
| | ) | JURY DEMANDED |
| Vs. | ) | |
| | ) | |
| KATHRYN "KATIE" GOINS (a/k/a KATIE BELCHER; KATIE BELCHER GOINS), Individually and in her Official Capacity as teacher for Blount County Schools; FRED GOINS, Individually and in his Official Capacity as a member of the Blount County Board of Education; JOHN WEBB, Individually and in his Official Capacity as Principal of Union Grove Middle School; ROB BRITT, Individually and in his Official Capacity as Director of Schools for Blount County Schools; THE BLOUNT COUNTY BOARD OF EDUCATION; BLOUNT COUNTY SCHOOL BOARD; BLOUNT COUNTY SCHOOLS; BLOUNT COUNTY SCHOOL DISCTRICT; AND BLOUNT COUNTY, Tennessee, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

1

## AMENDED COMPLAINT

Plaintiffs Timothy Garland and Brandy Jones, individually and as parents and next friends of JG, Mark and Christie Beaulieu, individually and as parents and next friends of RB, and Heather Harbison, individually and as parent and next friend of TW, for their amended complaint state as follows:

### I. Introduction

1. This civil rights action arises from the systematic sexual, physical, and verbal abuse of severely disabled, non-verbal students at Union Grove Middle School (UGMS) in Friendsville, Tennessee. From approximately 2018 through 2020, Defendant Kathryn "Katie" Goins, a special education teacher in the Comprehensive Development Classroom (CDC), subjected students with significant cognitive, physical, and developmental disabilities to a sustained pattern of misconduct -- including sexually provocative behavior intended to arouse a disabled student, inappropriate physical contact with students' genitalia, unauthorized one-on-one bathroom contact, verbal abuse, and physical force -- while those students' parents were deliberately kept in the dark.

2. When the TAs and nurse assigned to the CDC classroom raised alarms in August 2020, Defendant John Webb reported the matter to his superiors, including then-Director of Schools Rob Britt. Rather than protecting the students and notifying their parents, school administration -- operating under the shadow of Defendant Fred Goins, a then-sitting Blount County Board of Education member and the accused teacher's father -- facilitated a quiet transfer of Ms. Goins to Heritage High School, granted her tenure in January 2022, and took no meaningful disciplinary action whatsoever. The parents of the disabled student

victims were never told. Not in 2018. Not in 2019. Not in 2020. Not in 2021. Not in 2022. Not in 2023.

3. The truth only surfaced in 2025, when a routine HR audit by Blount County Schools uncovered the file, triggering a reinvestigation. It was at that point -- years after the abuse occurred -- that these Plaintiffs first learned what had been done to their children, and what had been deliberately concealed from them.

4. Plaintiffs bring this action seeking compensatory and punitive damages for the constitutional violations, tortious conduct, and infliction of emotional distress perpetrated against them and their children.

## II. Jurisdiction and Venue

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

6. This is a civil action arising under 42 U.S.C. § 1983 to redress, under color of state law, the deprivation of rights secured by the Constitution of the United States.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiffs' federal claims.

8. Venue is proper in the Eastern District of Tennessee, Knoxville Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to these claims occurred in Blount County, Tennessee, within this District.

## III. Parties

9. Plaintiff Timothy Garland is an adult resident of Blount County, Tennessee. He brings this action individually and as parent and next friend of JG, a then minor student who was

3

enrolled in the CDC program at Union Grove Middle School during the relevant period. JG passed away in November of 2025.

10. Plaintiff Brandy Jones is an adult resident of Blount County, Tennessee. She brings this action individually and as parent and next friend of JG.

11. Plaintiff Mark Beaulieu is an adult resident of Blount County, Tennessee. He brings this action individually and as parent and next friend of RB, a then minor student enrolled in the CDC program at UGMS during the relevant period.

12. Plaintiff Christie Beaulieu is an adult resident of Blount County, Tennessee. She brings this action individually and as parent and next friend of RB.

13. Plaintiff Heather Harbison is an adult resident of Blount County, Tennessee. She brings this action individually and as parent and next friend of TW, a then minor student enrolled in the CDC program at UGMS during the relevant period.

14. Defendant Kathryn "Katie" Goins (also known as Katie Belcher and Katie Belcher Goins) is believed to be an adult resident of Tennessee. At all times relevant hereto, she was employed by Blount County Schools as a certified special education teacher assigned to the CDC classroom at UGMS. She is sued individually and in her official capacity.

15. Defendant Fred Goins is believed to be an adult resident of Blount County, Tennessee. At all times relevant hereto, he served as a member of the Blount County Board of Education. He is the father of Defendant Kathryn Goins. He is sued individually and in his official capacity as a Board member, for his actions and omissions in connection with the matters described herein, including using his position to shield his daughter from accountability.

16. Defendant John Webb is believed to be an adult resident of Tennessee. At all times relevant hereto, he served as Principal of Union Grove Middle School. He is sued individually and in his official capacity.

17. Defendant Rob Britt is believed to be an adult resident of Tennessee. At all times relevant hereto, he served as Director of Schools for Blount County Schools. He is sued individually and in his official capacity.

18. Defendants Blount County Board of Education, Blount County School Board, Blount County Schools, and Blount County School District are governmental entities and/or public bodies organized and existing under Tennessee law, responsible for the operation, supervision, and oversight of Blount County Schools, including UGMS.

19. Defendant Blount County, Tennessee is a political subdivision of the State of Tennessee. It is the governmental entity responsible for the acts and omissions of the Blount County Board of Education, Blount County School Board, Blount County Schools, Blount County School District, and their employees under applicable law. It has waived sovereign immunity for negligent acts of its employees pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq.

## IV. Facts

### A. The CDC Classroom and the Vulnerable Student Population

20. The Comprehensive Development Classroom ("CDC") at Union Grove Middle School served students with significant and severe cognitive, physical, and developmental disabilities. By definition, CDC students have substantial limitations that affect daily functioning, including in many cases the inability to communicate clearly, advocate for themselves, or report mistreatment.

21. Plaintiffs' then minor children, JG, RB, and TW, were students in the CDC classroom during the period from approximately 2018 through 2020. Due to the nature of their disabilities, each was substantially dependent on classroom staff for their safety, dignity, and wellbeing.

5

22. Defendant Goins served as the teacher of record for the CDC classroom. She was responsible for the educational instruction, daily care, supervision, and safety of the students placed under her charge.

**B. Goins' Conduct Toward CDC Students**

23. Beginning as early as the 2018-2019 school year and continuing through August 2020, Defendant Goins engaged in a sustained pattern of conduct toward CDC students that was sexually inappropriate, physically abusive, verbally degrading, and in clear violation of professional, ethical, and legal standards.

24. With respect to at least one male student in the CDC classroom, Goins deliberately used her hair -- which she knew would sexually arouse the student -- to provoke and encourage the student to masturbate. She would intentionally let her hair down and toss it in front of the student for this purpose, sometimes announcing remarks to accompanying staff such as "Happy Birthday," "Merry Christmas," or "I'm going to send him home happy." This behavior was repeated on dozens of occasions, witnessed by multiple instructional assistants and nursing staff.

25. On multiple occasions, Goins took disabled students to the restroom unaccompanied, in violation of school policy requiring two-adult supervision. She would lock or close the bathroom door to exclude other staff.

26. At least one instructional assistant witnessed Goins place her hand on a student's penis in the bathroom, purportedly to "hold it down," without justification, while the student sat on the toilet.

27. Goins routinely crouched in front of male students at eye level with their genitals during bathroom and changing routines, with gloves not consistently used.

6

28. On at least one occasion, a staff member directly observed Goins sitting astride a student's back while he was lying on his mat on the floor.

29. Goins physically abused students by yanking them from under tables, forcibly removing their shoes and throwing them across the room, shoving students backward with two hands, and pulling students by their legs.

30. Goins verbally abused students by calling them names including "bootyhole," telling a student "I hate you too" when a student said he hated her, and threatening to have parents come "bust" students.

31. Goins attempted to arrange to be alone with individual students after school hours, conduct that staff recognized and explicitly described as consistent with grooming techniques.

32. Goins regularly invoked her father's position on the Blount County Board of Education to discourage staff from reporting her conduct, telling assistants that "there is nothing you can do about it" and that "her dad was on the school board."

**C. Staff Reports and the 2020 Investigation**

33. Beginning as early as 2018-2019, CDC classroom staff reported concerns about Goins' conduct to administration. Staff sent emails, made calls, and raised concerns directly with Defendant Webb.

34. On August 18, 2020, multiple instructional assistants and the classroom nurse submitted emails to Defendant Webb, marked "Urgent and Confidential," describing in detail the sexual, physical, and verbal misconduct they had witnessed.

35. Defendant Webb forwarded the reports to Defendant Rob Britt, then-Director of Schools, and to then-Director of Human Resources David Murrell. A report was made to the Tennessee Department of Children's Services ("DCS"), which quickly closed the matter without substantive action.

36. Special Education administrator April Herron conducted an internal investigation in August 2020, interviewing multiple staff members and Goins herself. Herron's investigation documented the conduct and confirmed the poor judgment used by Goins. Herron recommended transfer, while personally feeling that more should have been done.

37. Rather than discipline, suspend, terminate, or report Goins to law enforcement or licensing authorities, Defendants Rob Britt and John Webb, together with David Murrell, elected to quietly transfer Goins to Heritage High School, effective August 31, 2020. The transfer form, which normally required the signature of the SPED administrator, was signed by Murrell himself.

38. At no point were the parents of the students in the CDC classroom informed of the nature of the investigation, the specific conduct that had been reported and documented, or the reasons for Goins' departure. Parents received a form letter stating only that Goins had been given "an opportunity to transition to another role."

**D. The Conspiracy to Conceal and Its Continuation**

39. At the time of the 2020 investigation, Defendant Fred Goins was a sitting member of the Blount County Board of Education. He was also the father of Defendant Kathryn Goins, and the husband of the school secretary at UGMS -- the very location where staff were interviewed during the investigation. Staff reported that Goins' mother was present and watching during their interviews, creating an environment of intimidation.

40. Staff reported that Defendant Fred Goins made frequent, unannounced visits to the CDC classroom and to field trip locations -- often appearing a day or two after Defendant Goins had a conflict with staff. Staff understood this as a show of force and intimidation by the Board member-father.

8

41. Despite being a member of the Board of Education with a duty to students, Defendant Fred Goins took no action to ensure accountability for his daughter's conduct, to ensure parents were notified, or to ensure proper reporting to law enforcement.

42. At no point did Defendant Webb notify law enforcement. SRO supervisor Joe Seaton later confirmed that former administrator John Webb told him in 2025 that he had not informed law enforcement in 2020 of the situation.

43. On January 11, 2022, Kathryn Goins was granted tenure by the Blount County Board of Education -- approximately 16 months after the documented abuse investigation. Defendant Fred Goins was then serving as a Board member.

44. Goins was permitted to continue teaching in Blount County Schools, interacting with students, until May 2025.

**E. The 2024-2025 Audit and Disclosure to Parents**

45. In the winter of 2024, Blount County Schools underwent an HR audit. Files involving employees and students of a sexual nature from the prior ten years were pulled for review. Goins' 2020 file was among those pulled.

46. The HR Supervisor, Dr. Courtney Whitehead, who had not been employed by Blount County Schools in 2020, reviewed the file and recognized it as unusual. She noted the absence of any law enforcement notification, no disciplinary record, and the circumstances surrounding the original investigation.

47. In May of 2025, Director of Schools Justin Ridge -- newly hired -- was briefed on the Goins file.

48. On May 5-8, 2025, Dr. Whitehead contacted and interviewed the former instructional assistants. Their 2025 statements were entirely consistent with what had been reported in 2020. Additional details emerged, including testimony from TA Kendall Large (formerly

9

Kendall Hicks) that she had personally recorded one of Goins' most egregious acts on video and taken it to Principal Webb, who assured her he would "handle it" -- but nothing was done.

49. On May 9, 2025, Goins was placed on administrative leave. On May 12, 2025, a police report was filed -- the first formal law enforcement notification in five years. Charges of dismissal were formally brought by Director Ridge on June 5, 2025.

50. Plaintiffs Timothy Garland and Brandy Jones, Mark and Christie Beaulieu, and Heather Harbison first learned of the conduct to which their disabled children had been subjected in or around May-June 2025. Prior to that time, no Defendant, no employee of Blount County Schools, and no governmental representative had informed them of any of the conduct, investigations, or findings described herein.

## COUNT I

### (42 U.S.C. § 1983 – Conspiracy to Deprive Federal Civil Rights)

(Against Defendants Kathryn Goins, Fred Goins, John Webb, Rob Britt, and Blount County Board of Education)

51. Plaintiffs re-allege and incorporate Paragraphs 1-50 as if fully set forth herein.

52. At all times relevant to this action, Defendants Kathryn Goins, Fred Goins, John Webb, and Rob Britt were acting under color of state law in their respective capacities as teacher, Board member, Principal, and Director of Schools for Blount County Schools.

53. Plaintiffs and their then minor children possess clearly established constitutional rights under the Fourteenth Amendment to the United States Constitution, including the right to bodily integrity, the right to be free from state-imposed harm, the right to be free from deliberate indifference to their safety and wellbeing, and the right of the Plaintiffs to make informed decisions about their children's welfare and to access the courts.

10

54. Defendants Kathryn Goins, Fred Goins, John Webb, and Rob Britt reached an agreement -- express or implied -- to conceal the nature, extent, and findings of the 2020 investigation from the parents of the disabled student victims, from law enforcement, and from the State Board of Education's licensing authority.

55. Each of the named Defendants committed overt acts in furtherance of this conspiracy, including: Defendant Goins's invocation of her father's Board position to discourage reporting; Defendant Fred Goins's failure to take any corrective action despite actual or constructive knowledge, and his intimidating presence in the classroom and at field trips; Defendant Webb's failure to notify law enforcement, his failure to notify parents of the nature of the investigation, and his issuance of a deceptive form letter concealing the true reasons for Goins's removal; and Defendant Britt's approval of Goins's quiet transfer in lieu of discipline and his failure to notify parents, law enforcement, or the State Board of Education's licensing authority.

56. The effect of this conspiracy was to deprive the minor Plaintiffs of the Fourteenth Amendment right to bodily integrity, to deprive the parent-Plaintiffs of their liberty interest in making informed decisions about their children's care and welfare, and to deprive all Plaintiffs of meaningful access to the courts -- as none of them learned of their claims until 2025.

57. As a direct and proximate result of this conspiracy, Plaintiffs have suffered damages including emotional distress, loss of parental rights, and the deprivation of civil rights secured by the Constitution of the United States.

58. The conduct of the individual Defendants in furtherance of this conspiracy was intentional, deliberate, malicious, and carried out with conscious disregard for the constitutional rights

of the Plaintiffs. Plaintiffs are therefore entitled to punitive damages against the individual Defendants.

## COUNT II

**(Tennessee Governmental Tort Liability Act – T.C.A. § 29-20-101 et seq.)**

(Against Individual Defendants Blount County, Blount County Board of Education, Blount County School Board, Blount County Schools, and Blount County School District)

59. Plaintiffs re-allege and incorporate Paragraphs 1-58 as if fully set forth herein.

60. Pursuant to T.C.A. § 29-20-205, immunity from suit is removed for governmental entities when injuries arise from the negligent acts or omissions of government employees acting within the scope of their employment, where the governmental entity had notice of the conditions that created the risk of harm.

61. At all times relevant hereto, Defendants Kathryn Goins, John Webb, David Murrell, Rob Britt, and other Blount County Schools employees were acting within the scope of their employment with Blount County, the Blount County Board of Education, the Blount County School Board, Blount County Schools, and the Blount County School District.

62. Defendants John Webb, Rob Britt, Blount County, the Blount County Board of Education, the Blount County School Board, Blount County Schools, and the Blount County School District had a duty to the minor Plaintiffs to provide a safe educational environment, to supervise and monitor the conduct of their employees, to investigate and act upon credible reports of student abuse, to notify parents of abuse affecting their children, and to report suspected child abuse to law enforcement as required by applicable Tennessee law.

63. Defendants breached these duties by, inter alia: (a) failing to adequately supervise Defendant Goins despite repeated complaints from multiple staff members over multiple school years; (b) failing to notify the parents of the affected students of the nature, scope,

12

and findings of the August 2020 investigation; (c) failing to report the allegations and findings to law enforcement or child protective services in any meaningful way; (d) transferring Defendant Goins to another school rather than terminating or suspending her, thereby allowing her continued access to children; (e) granting tenure to Defendant Goins in January 2022 despite documented findings of misconduct; and (f) allowing the influence of Defendant Fred Goins as a sitting Board member to infect the decision-making process related to his daughter's misconduct.

64. Defendants Webb and Britt (pleaded in the alternative), including other unknown employees of Blount County generally, acted negligently in failing to take action against the Goins family.

65. These breaches were direct and proximate causes of the injuries sustained by the minor Plaintiffs and the resulting harm to the parent-Plaintiffs.

66. As a direct and proximate result of the foregoing, Plaintiffs have sustained damages including physical harm to the minor children, severe emotional distress, and related injuries and damages as further described herein.

## <u>COUNT III</u>

### (Negligent Infliction of Emotional Distress)

(Against All Defendants)

67. Plaintiffs re-allege and incorporate Paragraphs 1-66 as if fully set forth herein.

68. To recover for negligent infliction of emotional distress, a plaintiff must establish: (1) the defendant had a duty of care; (2) the defendant breached that duty; (3) the plaintiff suffered a serious or severe emotional injury; and (4) the defendant's breach was the actual and proximate cause of the emotional injury.

13

69. Defendants owed the parent-Plaintiffs a duty of care by virtue of their roles as state actors responsible for the safety and welfare of then minor children whose parents had entrusted them to the care of the school. That duty included the obligation to communicate material information about their children's welfare and safety, and specifically to inform parents when credible evidence of abuse had been reported and investigated.

70. Defendants Blount County, the Blount County Board of Education, the Blount County School Board, Blount County Schools, the Blount County School District, John Webb, Rob Britt, and the administrators involved in the 2020 investigation breached this duty by deliberately concealing from the parent-Plaintiffs the nature and findings of the investigation into Goins's conduct, issuing deceptive communications that obscured the true reasons for Goins's transfer, and allowing Goins to continue in education for years without disclosure.

71. As a direct and proximate result of Defendants' breach, the parent-Plaintiffs suffered serious and severe emotional distress upon learning -- years after the fact and purely by happenstance of an audit -- that their severely disabled, non-verbal children had been subjected to sexual misconduct, physical abuse, and degrading treatment while in the care of Blount County Schools, and that this had been deliberately hidden from them.

72. The emotional distress suffered by Plaintiffs is of the type that a reasonable person would not be expected to endure and has resulted in ongoing psychological harm. Plaintiffs are entitled to recover all damages for emotional distress proximately caused by the Defendants' negligence, including damages for the distress arising from learning the full nature of what was done to their children and from the years of unawareness in which they were unable to seek justice or obtain appropriate care and support for their children.

## DAMAGES

73. Plaintiffs re-allege and incorporate Paragraphs 1-72 of this Amended Complaint as if fully set forth herein.

74. The acts and omissions of the individual Defendants described herein were intentional, malicious, and carried out with reckless disregard for the constitutional and common-law rights of Plaintiffs and their then minor children.

75. Plaintiffs seek damages from Defendants, jointly and severally, for the following:

   (a) Physical harm to the then minor children resulting from Defendant Goins's abuse;

   (b) Severe emotional distress, mental anguish, and psychological injury to the parent-Plaintiffs;

   (c) Emotional harm sustained by the then minor Plaintiffs as a result of the abuse;

   (d) Loss of the parent-Plaintiffs' liberty interest in making informed decisions about their children's welfare and care, including the lost opportunity to pursue accountability and provide informed therapeutic support during the years of concealment;

   (e) Deprivation of constitutional rights secured by the Fourteenth Amendment to the United States Constitution;

   (f) Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 for the § 1983 claims;

   (g) Punitive damages against the individual Defendants for intentional, malicious, and reckless conduct; and

   (h) Such other and further relief as this Court deems just and appropriate.

15

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court:

(i)     For service of process to issue requiring Defendants to answer this Amended Complaint within the time prescribed by law;

(ii)    For a trial by jury on all of Plaintiffs' claims against Defendants;

(iii)   That this Court enter judgment in favor of Plaintiffs and against all Defendants on all counts;

(iv)    That this Court award Plaintiffs compensatory damages against all Defendants in amounts to be determined by the jury;

(v)     That this Court award punitive damages against the individual Defendants, Kathryn Goins, Fred Goins, John Webb, and Rob Britt;

(vi)    That Plaintiffs be awarded attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

(vii)   That Plaintiffs be awarded pre-judgment and post-judgment interest; and

(viii)  That Plaintiffs be awarded any and all additional relief as this Court deems just.


Respectfully submitted this the 24th day of April, 2026.


                                        **GARZA LAW FIRM, PLLC**

                                        */S/Marcos M. Garza*
                                        */S/Brent A. Morris*
                                        Marcos M. Garza, BPR #021483
                                        Brent A. Morris, BPR #024621
                                        Thomas J. Smith, BPR #035331
                                        550 W. Main Street, Suite 340
                                        Knoxville, TN 37902
                                        (865) 540-8300 (phone)
                                        (865) 474-9397 (facsimile)

16

| | |
|---|---|
| TIMOTHY GARLAND and BRANDY JONES, individually and as parents and next friends of JG, a mentally disabled person; MARK BEAULIEU and CHRISTIE BEAULIEU, individually and as parents and next friends of RB, a mentally disabled person, and; HEATHER HARBISON, individually and as parent and next friend of TW, a mentally disabled person; | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. 3:26-cv-00182 ) ) JURY DEMANDED |
| Vs. | ) ) |
| KATHRYN "KATIE" GOINS (a/k/a KATIE BELCHER; KATIE BELCHER GOINS), Individually and in her Official Capacity as teacher for Blount County Schools; FRED GOINS, Individually and in his Official Capacity as a member of the Blount County Board of Education; JOHN WEBB, Individually and in his Official Capacity as Principal of Union Grove Middle School; ROB BRITT, Individually and in his Official Capacity as Director of Schools for Blount County Schools; THE BLOUNT COUNTY BOARD OF EDUCATION; BLOUNT COUNTY SCHOOL BOARD; BLOUNT COUNTY SCHOOLS; BLOUNT COUNTY SCHOOL DISCTRICT; AND BLOUNT COUNTY, Tennessee, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

17

## COST BOND

I certify myself as surety in this cause pursuant to T.C.A. § 20-12-120 for the Court costs in this matter but no further.

> */S/Marcos M. Garza*
> */S/Brent A. Morris*
> Garza Law Firm, PLLC
> Marcos M. Garza
> Brent A. Morris
> Thomas J. Smith

Case 3:26-cv-00182-CEA-JEM   Document 7   Filed 04/24/26   Page 19 of 37   PageID #: 47

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

<table>
<tr><td>TIMOTHY GARLAND et al.</td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td><em>Plaintiff(s)</em></td><td>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>Civil Action No. 3:26-cv-00182</td></tr>
<tr><td>KATHRYN "KATIE" GOINS et al.</td><td>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Kathryn Goins
2034 Middlesettlements Road
Maryville, TN 37801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | | |
|---|---|---|
| TIMOTHY GARLAND et al. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| _Plaintiff(s)_ | | |
| v. | | Civil Action No.  3:26-cv-00182 |
| KATHRYN "KATIE" GOINS et al. | | |
| _Defendant(s)_ | | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Fred Goins
2044 Middlesettlements Road
Maryville, TN 37801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____                      _____
                                                              *Server's signature*

                                                     _____
                                                              *Printed name and title*



                                                     _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Tennessee

| | |
|---|---|
| TIMOTHY GARLAND et al. | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No.   3:26-cv-00182 |
| | ) |
| KATHRYN "KATIE" GOINS et al. | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   John Webb
934 Radnor Road
Maryville, TN 37804

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Tennessee

| | |
|---|---|
| TIMOTHY GARLAND et al. )<br><br><br><br>_____<br>*Plaintiff(s)* )<br>v. )<br>KATHRYN "KATIE" GOINS et al. )<br><br><br>_____<br>*Defendant(s)* ) | Civil Action No. 3:26-cv-00182 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Robert Britt
401 Westcove Court
Maryville, TN 37803

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____                          _____
                                                        *Server's signature*


                                               _____
                                                        *Printed name and title*


                                               _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | |
|---|---|
| TIMOTHY GARLAND et al. <br><br><br> _____ <br> *Plaintiff(s)* <br> v. <br><br> KATHRYN "KATIE" GOINS et al. <br><br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No.   3:26-cv-00182 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Blount County Board of Education
c/o Ed Mitchell
341 Court Street
Maryville, TN 37804

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____
                                               *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❑ I served the summons on *(name of individual)* _____ , who is

    designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❑ I returned the summons unexecuted because _____ ; or

    ❑ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Tennessee

| | |
|---|---|
| TIMOTHY GARLAND et al. <br><br><br> *Plaintiff(s)* <br> v. <br><br> KATHRYN "KATIE" GOINS et al. <br><br><br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:26-cv-00182 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Blount County School Board
c/o Ed Mitchell
341 Court Street
Maryville, TN 37804

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____           _____
                                                         *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❒ I served the summons on *(name of individual)* _____ , who is

   designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❒ I returned the summons unexecuted because _____ ; or

    ❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

                                                _____
                                                    *Server's signature*

                                              _____
                                                  *Printed name and title*


                                              _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Tennessee

| | |
|---|---|
| TIMOTHY GARLAND et al. | ) )  ) )  ) ) |
| _Plaintiff(s)_ | ) |
| v. | )  Civil Action No. 3:26-cv-00182 |
| KATHRYN "KATIE" GOINS et al. | )  )  )  )  ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Blount County Schools
c/o Ed Mitchell
341 Court Street
Maryville, TN 37804

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
_Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____          _____

*Server's signature*

_____

*Printed name and title*


_____

*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Tennessee

| | | |
|---|---|---|
| TIMOTHY GARLAND et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. 3:26-cv-00182 |
| KATHRYN "KATIE" GOINS et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Blount County School District
c/o Ed Mitchell
341 Court Street
Maryville, TN 37804

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Tennessee

| | |
|---|---|
| TIMOTHY GARLAND et al. ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. 3:26-cv-00182 |
| ) | |
| KATHRYN "KATIE" GOINS et al. ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Blount County, Tennessee
c/o Ed Mitchell
341 Court Street
Maryville, TN 37804

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Brent A. Morris
550 W Main Street, Suite 340
Knoxville, TN 37902

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: